**STUBBS ALDERTON & MARKILES, LLP**
Heather A. Antoine (SBN 246917)
*hantoine@stubbsalderton.com*
Jeffrey F. Gersh (SBN 87124)
*jgersh@stubbsalderton.com*
Michael A. Bernet (SBN 306657)
*mbernet@stubbsalderton.com*
Jose A. Meneses (SBN 346449)
*jmeneses@stubbsalderton.com*
15260 Ventura Boulevard, 20th Floor
Sherman Oaks, California 91403
Telephone:(818) 444-4548

Attorneys for Plaintiff,
NAKED WHEY, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKED WHEY, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NAKED WARRIOR RECOVERY LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a)); and**<br><br>**(3) UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200).**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff NAKED WHEY, INC., a Florida corporation ("Naked" or "Plaintiff"), hereby complains and alleges against Defendant NAKED WARRIOR RECOVERY LLC, a Delaware limited liability company ("Naked Warrior" or "Defendant") and DOES 1 through 10, inclusive ("Doe Defendants") (the Doe Defendants and Naked Warrior are collectively referred to herein as "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), because this action arises under the laws of the United States—namely, the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

2. In the alternative, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because, upon information and belief, Plaintiff and all Defendants are citizens of different states and the amount in controversy exceed $75,000, exclusive of interest and costs.

3. Upon information and belief, this Court has personal jurisdiction over Defendants in that they transact substantial business in the State of California. Upon information and belief, Defendants promote, transact, and deliver goods to consumers in California, and this judicial district, including but not limited to the goods that are the subject of this action.

4. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts and/or omissions alleged herein took place in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendants are individuals and business entities subject to this Court's personal jurisdiction.

///

## PARTIES

5. Plaintiff Naked Whey, Inc., is a Florida corporation with its principal place of business located at 4061 Palau Dr., Sarasota, FL 34241. Plaintiff is engaged in the business of, *inter alia*, selling nutritional and dietary supplements and providing informational services in connection with nutrition, diet, health and wellness throughout the United States and internationally.

6. Upon information and belief, Defendant Naked Warrior Recovery LLC, is a Delaware limited liability company, having its principal place of business at 436 Iliwahi Loop, Kailua, Hawaii 96734. Plaintiff is further informed that Defendant owns and operates the website located at www.nw-recovery.com for the purpose of advertising and promoting the sale and distribution of nutritional and dietary supplements under the mark "NAKED WARRIOR RECOVERY," and/or marks similar thereto.

7. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Upon information and belief, each of the fictitiously named defendants is in some manner responsible, liable, and/or obligated to Plaintiff in connection with the acts alleged herein.

## FACTUAL ALLEGATIONS

**A. Plaintiff Naked Whey, Inc.'s "NAKED" Trademark**

8. Naked Whey, Inc. was founded in 2014, at which time Plaintiff began using the "Naked" mark in interstate commerce in connection with nutritional and dietary supplements and to provide information online relating to nutrition, diet, health and wellness.

9. In connection with its business, Naked owns a family of "NAKED" formative marks, each of which contain the inherently distinctive term, "NAKED." All registered trademarks, along with all common law trademark rights, each of which

is further described below, are collectively referred to herein as the "Naked Marks."

10. The Naked Marks have been used in advertising and sales so as to create common exposure to and recognition of by purchasers of the common characteristic as indicating a common origin of the goods.

11. For example, and without limitation, Naked exclusively owns each of the following valid and subsisting federally registered trademarks with the United States Patent and Trademark Office ("USPTO"):

| | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 1 | NAKED PROTEIN | Application filed on June 11, 2014 | Registration No. 4914510<br><br>Registered on March 8, 2016 | 005 – Dietary supplements; food supplements; nutritional supplements; all containing protein; none of the foregoing to be sold in liquid beverage form. |
| 2 | NAKED PEA | Application filed on June 14, 2015 | Registration No. 5020266<br><br>Registered on August 16, 2016 | 005 - Dietary and nutritional supplements containing pea; Protein dietary supplements containing pea; Protein supplements containing pea. |
| 3 | NAKED EGG | First used in commerce on April 29, 2016 | Registration No. 5204303<br><br>Registered on May 16, 2017 | 005 - Dietary and nutritional supplements containing egg; Protein dietary supplements containing egg; Protein supplements containing egg. |
| 4 | NAKED GOAT | First used in commerce on September 29, 2014 | Registration No. 5204308<br><br>Registered on May 16, 2017 | 005 - Dietary and nutritional supplements containing goat's milk; Protein dietary supplements containing goat's milk; Protein supplements containing goat's milk. |

| | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 5 | NAKED RICE | First used in commerce on September 29, 2014 | Registration No. 5204309<br><br>Registered on May 16, 2017 | 005 - Dietary and nutritional supplements containing rice; Protein dietary supplements containing rice; Protein supplements containing rice. |
| 6 | NAKED CASEIN | Application filed on September 30, 2014 | Registration No. 5304096<br><br>Registered on October 10, 2017 | 005 - Casein dietary supplements; Protein dietary supplements containing casein; Protein supplements containing casein. |
| 7 | NAKED NUTRITION | Application filed on September 30, 2014 | Registration No. 5304095<br><br>Registered on October 10, 2017 | 005 - Dietary and nutritional supplements. |
| 8 | NAKED WHEY | First used in commerce on September 29, 2014 | Registration No. 5304094<br><br>Registered on October 10, 2017 | 005 - Protein dietary supplements containing whey; Protein supplements containing whey; Whey protein supplements. |
| 9 | LESS NAKED | First used in commerce on April 21, 2016 | Registration No. 5370138<br><br>Registered on January 2, 2018 | 005 - Dietary and nutritional supplements. |
| 10 | NAKED PB | First used in commerce on September 20, 2014 | Registration No. 5369917<br><br>Registered on January 2, 2018 | 005 - Powdered nutritional supplement drink mix containing namely, plant-based protein powder; nutritional supplements, namely, high protein powder formulas to be mixed with water; dietary and nutritional supplements, namely, peanut butter powder. |

| | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 11 | NAKED GLUTAMINE | First used in commerce on January 15, 2017 | Registration No. 5378686<br><br>Registered on January 16, 2018 | 005 - Nutritional supplements consisting primarily of glutamine. |
| 12 | NAKED CREATINE | First used in commerce on January 15, 2015 | Registration No. 5384586<br><br>Registered on January 23, 2018 | 005 - Dietary and nutritional supplements containing creatine; Dietary supplements containing creatine; Nutritional supplements containing creatine; Nutritional drinks containing creatine. |
| 13 | NAKED MASS | First used in commerce on April 8, 2015 | Registration No. 5500843<br><br>Registered on June 26, 2018 | 005 - Dietary and nutritional supplements. |
| 14 | NAKED ENERGY | First used in commerce on July 20, 2017 | Registration No. 5533423<br><br>Registered on August 7, 2018 | 005 - Dietary and nutritional supplements. |
| 15 | NAKED BCAAS | First used in commerce on April 30, 2017 | Registration No. 5579321<br><br>Registered on October 9, 2018 | 005 - Dietary and nutritional supplements containing branched chain amino acids. |
| 16 | NAKED MEAL | Application filed on February 18, 2018 | Registration No. 5741097<br><br>Registered on April 30, 2019 | 005 - Dietary and nutritional supplements; Food supplements; Powdered nutritional supplement drink mix; Vitamin and mineral supplements. |
| 17 | GET NAKED | First used in commerce on December 1, 2017 | Registration No. 5748747<br><br>Registered on May 14, 2019 | 021 - Water bottles sold empty; Plastic water bottles sold empty; Reusable plastic water bottles sold empty. |

| | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 18 | NAKED BAR | Application filed on October 16, 2018 | Registration No. 5836288<br><br>Registered on August 13, 2019 | 005 - Nutritional and dietary supplements formed and packaged as bars; Protein supplements formed and packaged as bars. |
| 19 | NAKED COLLAGEN | First used in commerce on September 24, 2018 | Registration No. 5849049<br><br>Registered on September 3, 2019 | 005 - Dietary and nutritional supplements, namely, collagen peptide powder. |
| 20 | NAKED | First used in commerce on September 29, 2014 | Registration No. 5900057<br><br>Registered on November 5, 2019 | 005 - Dietary and nutritional supplements. |
| 21 | NAKED ONE TO ONE | First used in commerce on July 2, 2017 | Registration No. 6032168<br><br>Registered on April 14, 2020 | 005 - Protein supplements; Protein dietary supplements; none of the foregoing being protein bars. |
| 22 | NAKED GREENS | Application filed on August 9, 2019 | Registration No. 6143362<br><br>Registered on September 1, 2020 | 005 - Dietary supplements consisting primarily of green vegetables. |
| 23 | NAKED KETO | Application filed on October 16, 2018 | Registration No. 6389744<br><br>Registered on June 15, 2021 | 005 - Dietary and nutritional supplements. |
| 24 | NAKED MILK | Application filed on November 30, 2018 | Registration No. 6389768<br><br>Registered on June 15, 2021 | 005 - Dietary and nutritional supplements containing milk protein concentrates. |
| 25 | NAKEDADE | Application filed on May 22, 2020 | Registration No. 6442431<br><br>Registered on August 3, 2021 | 005 - Electrolyte replacement solutions, in powdered form. |

| MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|
| 26 NAKED C | Application filed on September 23, 2020 | Registration No. 6465264<br><br>Registered on August 24, 2021 | 005 - Powdered nutritional supplement drink mix containing vitamin C; Vitamin and mineral supplements containing vitamin C. |
| 27 NAKED SEED | Application filed on March 4, 2020 | Registration No. 6512289<br><br>Registered on October 5, 2021 | 005 - Dietary and nutritional supplements containing seeds; Protein dietary supplements; Powdered nutritional supplement drink mix containing seeds. |
| 28 NAKED SHAKE | Application filed on January 5, 2021 | Registration No. 6623901<br><br>Registered on January 18, 2022 | 005 - Nutritional supplement shakes. |
| 29 NAKED COOKIE | Application filed on April 22, 2019 | Registration No. 6646807<br><br>Registered on February 15, 2022 | 005 - Dietary supplements in the form of cookies; Nutritional supplements in the form of cookies. |
| 30 NAKED | Application filed on November 1, 2019 | Registration No. 6821531<br><br>Registered on August 16, 2022 | 005 - Liquid nutritional supplement; Liquid protein supplements; Liquid vitamin supplements; Nutritional supplements for boosting energy. |
| 31 NAKED GUT | First used in commerce on December 21, 2021 | Registration No. 7022684<br><br>Registered on April 11, 2023 | 005 - Dietary and nutritional supplements. |
| 32 NAKED RECOVERY | First used in commerce on December 14, 2021 | Registration No. 7022685<br><br>Registered on April 11, 2023 | 005 - Dietary and nutritional supplements. |

Collectively attached hereto as Exhibit 1 are true and correct copies of registration certificates from the USPTO for each of the foregoing registered marks.

12. In addition to the federal rights conferred upon Naked by virtue of the foregoing registration certificates, Naked also claims common law rights to each of the foregoing marks due to Naked's uses in commerce of such marks throughout the United States.

13. Each of the Naked Marks is inherently distinctive. Indeed, Naked has spent substantial time, effort, and money developing and promoting its Naked Marks throughout the world. Naked advertises and sells its products in connection with the Naked Marks through a variety of e-commerce channels, including but not limited to through its own website, Amazon, and GoSupps.com.

14. Each of the Naked Marks is valid and subsisting. The registration certificates for the foregoing marks are prima facie evidence that Naked exclusively owns each of the marks, and that such marks are valid and legally protectable.

15. In addition, Naked exclusively owns and has also applied to register each of the following marks with the USPTO:

| | MARK: | APPLICATION NUMBER: | PRIORITY DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 1 | NAKED BONE BROTH | 97761249 | Application filed on January 19, 2023 | 005 - Dietary and nutritional supplements containing powdered beef bones. |
| 2 | NAKED FIBER | 97761250 | First used in commerce on August 19, 2021 | 005 - Dietary fiber to aid digestion. |
| 3 | NAKED EAAS | 97863869 | First used in commerce on November 15, 2022 | 005 - Dietary and nutritional supplements. |
| 4 | NAKED REDS | 97866333 | First used in commerce on January 10, 2023 | 005 - Dietary and nutritional supplements. |
| 5 | NAKED BAKE | 97870219 | Application filed on April 3, 2023 | 005 - Protein supplements. |

| | MARK: | APPLICATION NUMBER: | PRIORITY DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 6 | NAKED BROWNIE | 97870228 | First used in commerce on February 7, 2023 | 005 - Protein supplements. |
| 7 | NAKED CAKE | 97870223 | First used in commerce on September 13, 2022 | 005 - Protein supplements. |
| 8 | NAKED COFFEE | 98266480 | Application filed on November 12, 2023 | 030 - Coffee; Coffee extracts. |

These marks are each pending registration before the USPTO.

16. Since its founding, Plaintiff has continuously and exclusively promoted the Naked Marks in connection with the sale, marketing, and distribution of its dietary supplements, including protein powders and nutritional supplements, among other things. Naked has used the Naked Marks in connection with, primarily, International Class 005 for protein and nutritional supplements.

17. Plaintiff is a prominent, international brand, with products available nationwide in all major markets in the United States, the United Kingdom, and Canada.

18. Upon information and belief, the Naked Marks have also acquired distinctiveness. Specifically, the public has come to associate the Naked Marks with Naked's high-quality dietary supplements and related goods and services. Moreover, given Naked's product offerings, consumers have also come to associate the Naked Marks with dietary supplements and related products that are healthy, nutritional, and additive free.

**B.   Defendant Naked Warrior Recovery, LLC's Trademark Applications**

19. Upon information and belief, Naked Warrior is currently engaged in the sale, marketing, and distribution of its dietary supplements, including protein powders, through its website located at www.nw-recovery.com.

20. Naked Warrior has filed two separate trademark applications with the USPTO, on the basis of actual use in commerce as follows:

| | MARK: | APPLICATION NUMBER: | PRIORITY DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 1 | NW RECOVERY | 98270991 | First used in commerce on March 1, 2020 | 005 - Dietary supplements for humans; Dietetic beverages adapted for medical use; Dietetic foods adapted for medical purposes; Food supplements; Nutritional supplement energy bars; Nutritional supplements; Protein dietary supplements; Vitamin and mineral preparations for medical use; Vitamin and mineral supplements. |
| 2 | NAKED WARRIOR RECOVERY | 97720248 | First used in commerce on March 1, 2020 | 005 - Dietary supplements; Food supplements; Health food supplements; Herbal supplements; Mineral supplements; Nutritional supplements. |

21. The foregoing trademark applications are still pending before the USPTO.

22. On November 14, 2023, the USPTO issued a Non-final Office Action (the "Office Action") regarding Naked Warrior's trademark application to register the "NAKED WARRIOR RECOVERY" mark. In its Office Action, the USPTO refused registration based on likelihood of confusion with "NAKED RECOVERY" (Registration No. 7022685), which Plaintiff owns. Attached hereto as Exhibit 2 is a true and correct copy of the Office Action.

**C.  Defendants' Use of the Naked Marks In Connection With Dietary Supplements, Related Nutritional Products, and Apparel Merchandise Is Likely to Confuse Consumers**

23. Upon information and belief, with full knowledge of the Naked Marks, Defendants intentionally began and are still selling, offering to sell, distributing, and advertising goods and services to customers in and throughout the United States, using the Naked Marks – including Plaintiff's trademark registrations for "NAKED"

(Registration Nos. 5,900,057 and 6,821,531) and "NAKED RECOVERY" (Registration No. 7,022,685) – and all marks confusingly similar thereto. As illustrated further below, Defendants' use of the Naked Marks and/or marks confusingly similar thereto, is not limited to its marketing on its website and social media accounts as Defendants use same in some of the apparel merchandise that it sells to the public.

24. Throughout its website, Naked Warrior markets its products under the mark "NAKED WARRIOR RECOVERY," and/or marks similar thereto, which fully incorporate the Naked Marks and are confusingly similar. This confusing use can be seen throughout Naked Warrior's website and, as reflected further below, on its social media account. Below are true and correct copies of screenshots of Naked Warrior's content, as taken from its website:







25. Moreover, Naked Warrior sells, markets, and distributes apparel using the phrase "GET NAKED," which Plaintiff similarly has registered (Registration No. 5,748,747). Below are true and correct copies of screenshots of products that Naked Warrior sells on its website, bearing Plaintiff's "GET NAKED" mark and the Naked Marks:



26. Upon information and belief, Naked Warrior similarly uses the Naked Marks in connection with the promotion of Naked Warrior products on its Instagram page, using the handle "nakedwarriorrecovery" and the title "Naked Warrior Recovery". Below is a true and correct copy of a screenshot of Naked Warrior's Instagram page demonstrating same:



27. Defendants' use and display of the Naked Marks, and/or marks confusingly similar thereto, in connection with the promotion, distribution and sale of dietary supplements, related nutritional products, and apparel merchandise, is likely to cause consumer confusion.

28. Upon information and belief, by using the Naked Marks, or marks confusingly similar thereto, in connection with the sale, marketing, and distribution of Defendants' products to consumers, Defendants are trading upon, and intend to trade upon, the highly valuable goodwill that Plaintiff has so meticulously created, built, and protected, and without Plaintiff's consent.

29. Upon information and belief, Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT ONE

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

### (Against all Defendants)

30. Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 29, as though fully set forth herein.

31. Plaintiff is the exclusive owner of the Naked Marks, and has prior rights to the Naked Marks over Defendants. The Naked Marks, and Plaintiff's goodwill associated therewith, in the United States and internationally, have become associated in the public mind with products of the highest quality and reputation with Plaintiff as the exclusive source of their origin.

32. Defendants have used the Naked Marks, or marks confusingly thereto, in connection with the sale, promotion, and distribution of their goods to consumers, without Plaintiff's authorization and/or consent, and with full knowledge of Plaintiff's prior and exclusive rights to the Naked Marks.

33. Defendants' unauthorized use of the Naked Marks, or marks confusingly

similar thereto, is likely to cause confusion to the general purchasing public.

34. Upon information and belief, Defendants' use of the Naked Marks in commerce is likely to deceive the public into believing that Defendants' distribution, sales, and promotion of goods are authorized by Plaintiff, when they are not. Specifically, because Defendants are similarly engaged in the business of selling dietary supplements and related products to consumers using the Naked Marks, or marks confusingly similar thereto, consumers are given the impression that Defendants and their products are associated with Plaintiff, when Defendants are not. Defendants' use of the Naked Marks, or marks confusingly similar thereto, is likely to confuse and deceive consumers into believing that Naked Warrior is the same company as Plaintiff, or a related company, when it is not.

35. On January 30, 2023, Defendants were put on notice of their infringements of the Naked Marks, when counsel for Plaintiff sent Defendants a cease-and-desist letter notifying them of same. Despite the notice, Defendants continued their infringement willfully and knowingly, within the meaning of 15 U.S.C. § 1117(a). As such, Defendants' actions were undertaken intentionally to cause confusion, mistake, or deception.

36. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

38. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be proven at trial (including actual damages and profits made by Defendants on the sale of its unauthorized products), in addition to injunctive relief, attorneys' fees, and costs of suit.

///

///

# COUNT TWO

## (False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))

## (Against all Defendants)

39. Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 38, as though fully set forth herein.

40. Defendants are using the Naked Marks, or marks confusingly similar thereto, without Plaintiff's authorization and/or consent in connection with the distribution, sales, and promotion of Defendants' own dietary supplement and related products in the United States, that are of the same general nature and type as those that Plaintiff has long used in connection with its Naked Marks.

41. Defendants' unauthorized uses of the Naked Marks, or marks confusingly similar thereto, is likely to cause confusion to the general purchasing public.

42. By misappropriating and using the Naked Marks, Defendants are misrepresenting and falsely describing to the general public the nature, origin, and source of their products and create a likelihood of confusion by ultimate purchaser as to the source, sponsorship, affiliation, and/or endorsement of such products. Notably, consumers are likely to be confused and misconstrue that Plaintiff is the source, sponsor, affiliate, and/or endorser of Naked Warrior's products, when it is not.

43. Defendants' unlawful and unauthorized distribution, sale, and promotion of its dietary supplements and related products in the United States, in connection with the Naked Marks, or marks confusingly similar thereto, create express and implied misrepresentations that those products are authorized and/or approved for sale by Plaintiff, all for Defendants' profit and Plaintiff's damage and injury.

44. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Naked Marks, or marks confusingly similar thereto, in connection with the selling, promotion, and distribution of Defendants' goods in interstate commerce, constitutes trademark infringement, a false designation of origin, and unfair competition.

45. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

46. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be proven at trial (including actual damages and profits made by Defendants on the sale of its unauthorized products), in addition to injunctive relief, attorneys' fees, and costs of suit.

## COUNT THREE

### (Unfair Competition –

### California Business & Professions Code § 17200 *et seq.*)

### (Against all Defendants)

47. Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 46, as though fully set forth herein.

48. California Business and Professions Code section 17200, *et seq.* (the "UCL") prohibits unfair competition arising from any unlawful, unfair, or fraudulent business act or practice.

49. Defendants have committed the aforementioned unlawful acts, which constitute unfair competition under the UCL. These same acts by Defendants are likely to cause injury to Plaintiff's reputation and result in Defendants' unfairly competing with Plaintiff in violation of the UCL.

50. Defendants' actions as alleged above violate the "unfair" prong of the UCL because such actions are (a) immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers, and (b) constitute a violation of federal law, namely trademark infringement under the Lanham Act. Without question, Defendants' aforementioned actions constitute acts that significantly threaten or harm competition.

51. Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a significant percentage of reasonable consumers.

52. Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of federal law—trademark infringement under the Lanham Act. Defendants' violation represents an independently actionable unlawful business practice in violation of the UCL.

53. As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

54. Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate, and irreparable injury to Plaintiff.

55. Plaintiff is without an adequate remedy at law.

56. Plaintiff is therefore entitled to injunctive relief, equitable relief, and an order for restitution (disgorgement of all of Defendants' ill-gotten gains).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For an order, pursuant to 15 U.S.C. § 1116 and California Business and Professions Code § 17203, permanently enjoining Defendants, and their officers, agents, employees, attorneys, and all persons in concert or participating with any of them from:

    a. Committing any further acts of trademark infringement;

    b. Using any term that is likely to be confused with the Naked Marks or tradename.

    c. Representing directly or indirectly in any form or manner whatsoever that any product is associated with or approved by Plaintiff when, in fact, it is not;

    d. Passing off or inducing or enabling others to sell or pass off any product as one of Plaintiff's products or as a product that is

endorsed or approved by Plaintiff when, in fact, it is not; and

  e. Committing any other act calculated to compete unfairly with Plaintiff, or cause any confusion with Plaintiff, in any manner.

2. For recovery of Plaintiff's actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a);

3. For the disgorgement of Defendants' profits, pursuant to 15 U.S.C. § 1117(a);

4. For treble the amount of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1117(a);

5. For an award of reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a);

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff NAKED WHEY, INC., hereby demands a trial by jury for all issues so triable in this action.

Dated: January 30, 2024   **STUBBS ALDERTON & MARKILES, LLP**

By: */s/ Heather Antoine*
  Heather A. Antoine
  Jeffrey F. Gersh
  Michael A. Bernet
  Jose A. Meneses
Attorneys for Plaintiff, NAKED WHEY, INC.